UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOE DOE, subscriber assigned IP address 76.204.178.1,<br><br>　　　　　　　　　　Defendant. | Case No.:  21-CV-1335-BAS-WVG<br><br>**ORDER ON EX PARTE MOTION FOR DISCOVERY FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE** |

　　　Pending before this Court is Plaintiff's Ex Parte Motion for Discovery for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion").  (Doc. No. 4.)  Plaintiff seeks to serve a third-party subpoena per Rule 45 of the Federal Rules of Civil Procedure to obtain Defendant's true name and address because, "without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights." (*Id*., 8:6-7.) Having reviewed and considered Plaintiff's Motion, the Court GRANTS Plaintiff's request to obtain discovery for the limited purpose of identifying Defendant's true name and address. The Court elaborates below.

　　　Rule 26(d)(1) of the Federal Rules of Civil Procedure bars parties from engaging in discovery in the absence of a court order prior to the Rule 26(f) conference. R. Civ. P.

26(d)(1). At the same time, Rule 26(d)(1) is not absolute. Courts carve out exceptions for limited discovery where good cause is shown, for example where a plaintiff needs to "learn the identifying facts necessary to permit service on the defendant." *Strike 3 Holdings, LLC v. Doe*, 2017 WL 6389848 at *1 (S.D. Cal., Dec. 14, 2017); *Criminal Prods., Inc. v. Doe-72.192.163.220*, 2016 WL 6822186 at *1 (S.D. Cal. Nov. 18, 2016). To that end, district courts within the Ninth Circuit employ a three-part test to determine whether limited discovery to identify certain defendants is appropriate, namely whether plaintiff (1) identified the missing party with "sufficient specificity such that the court can determine the defendant is a real person or entity who could be sued in federal court;" (2) has described "all previous steps taken to locate the elusive defendant;" and (3) has "establish[ed] its lawsuit could withstand a motion to dismiss." *Id*. (citing *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal., Mar. 8, 1999)).

Here, Plaintiff has made the requisite showing of good cause by (1) taking steps to identify Defendant's internet protocol ("I.P.") address; and (2) employing informal discovery methods involving internet research and consulting with computer investigators and cyber security experts to discover Defendant's true name and address without judicial intervention. (Doc. No. 4-1, 14:6-14.) *See Holdings, LLC, v. Collective of Dec. 29, 2011, Sharing Hash*, 2012 WL 1648838 at *4 (S.D. Cal. May 4, 2012). Further, Plaintiff sets forth sufficient factual allegations as to each of the elements of direct copyright infringement and shows the Complaint could withstand a motion to dismiss if one were brought. Specifically, Plaintiff pleads (1) it is the owner of a valid copyrighted work; (2) Defendant downloaded and distributed Plaintiff's files; (3) Plaintiff did not consent to Defendant's downloads or distribution of its files; and (4) Defendant "triggered a cascade of technical operations, making Defendant the proximate cause of all of the violations of Plaintiff's copyrights." (Doc. No. 4-1, 16:11-27.) Finally, Plaintiff's Motion demonstrates a reasonable likelihood Plaintiff will be able to identify Defendant's true name and address through a Rule 45 subpoena. (*Id*., 17:20-18:4.) For these reasons, the Court finds good cause exists to grant Plaintiff's Motion, consistent with certain procedural safeguards, set

forth immediately below.

Within ten (10) days of issuance of this Order, Plaintiff shall serve a subpoena pursuant to Rule 45 upon AT&T U-verse that seeks to obtain Defendant John Doe's true name and address. No other information may be solicited through the subpoena. To that end, Plaintiff shall not use the disclosed information for any other purpose except to protect its rights through this litigation. Further, the return date of the subpoena shall allow for at least forty-five (45) days from service to production.

Next, within fourteen (14) calendar days of service of the subpoena, AT&T U-verse shall notify Defendant John Doe of the subpoena as served by Plaintiff and its contents. Should AT&T U-verse seek to quash the subpoena, it shall do so before the return date of the subpoena.

Finally, from the date of AT&T's notice of subpoena to Defendant John Doe, Defendant John Doe shall have thirty (30) calendar days to oppose the disclosure of his/her true name and/or address by filing an appropriate pleading with this Court. Plaintiff shall serve a copy of this Court's Order with any subpoena served pursuant to this Order to AT&T U-verse. AT&T U-verse shall then provide a copy of this Order to Defendant John Doe concurrent with its notice of Plaintiff's Rule 45 subpoena to Defendant John Doe.

**IT IS SO ORDERED.**

Dated: August 18, 2021

Hon. William V. Gallo
United States Magistrate Judge